# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **JAY CUSICK** | § | CIVIL CASE NO._____ |
| *PLAINTIFF* | § | |
| | § | |
| V. | § | |
| | § | HONORABLE JUDGE_____ |
| **FIDELITY NATIONAL** | § | |
| **PROPERTY AND CASUALTY** | § | |
| **INSURANCE COMPANY** | § | |
| *DEFENDANT* | § | MAGISTRATE JUDGE_____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

MAY IT PLEASE THE COURT:

Through the undersigned attorney comes JAY CUSICK who, for the following reasons, brings the instant complaint against FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY and states as follows:

### NATURE OF THE ACTION

1. This is a civil complaint by Jay Cusick (hereinafter referred to as "Plaintiff") against his insurer, Fidelity National Property and Casualty Insurance Company

(hereinafter referred to as "FIDELITY") to enforce his rights under a flood insurance policy issued by FIDELITY.

2. On September 12, 2008, Hurricane Ike caused flood damage and loss to Plaintiff's residential property in Galveston, Texas. Plaintiff has submitted claims under his policy issued by FIDELITY but FIDELITY has refused to fully pay Plaintiff's claims.

## THE PARTIES

3. Plaintiff is a Texas citizen residing at 35 South Shore Drive, Galveston, Texas 77551-4363.

4. FIDELITY is an insurance company incorporated under the laws of the State of New York with its principal place of business at 601 Riverside Avenue, Building 5, Jacksonville, Florida 32204. FIDELITY is engaged in the practice of insurance in the State of Texas. FIDELITY may be served with process by certified mail, return receipt requested through its agent for service in Texas, C T Corporation System, 350 North St. Paul Street, Dallas, Texas 75201. **Issuance of summons is requested at this time.**

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the claims in this action as they arise pursuant to a claim under a Standard Flood Insurance Policy (hereinafter referred to as "SFIP"). Any claims under a SFIP are governed solely by federal law pursuant to Article IX of the SFIP.[1] Therefore, Plaintiff asserts that there is federal question jurisdiction pursuant to *28 U.S.C. § 1331* as this matter requires interpretation of, and the resolution of the case is dependent upon, interpretation and application of federal laws, rules and regulations including the SFIP, itself codified and found at 44 C.F.R. Pt. 61, App. A (1), and the Appropriations, Supremacy and Commerce Clauses of the U.S. Constitution. Furthermore, jurisdiction exists pursuant to the grant of "original exclusive" jurisdiction found in *42 U.S.C. § 4072* as it involves a breach of contract claim under a SFIP. Also, because Plaintiff is a citizen of Texas and FIDELITY has its principal place of business in Florida, and because the amount in controversy exceeds seventy-five thousand dollars [$75,000.00], exclusive of interests and costs and without considering counterclaims, this Court has diversity jurisdiction over the subject matter of this case pursuant to *28 U.S.C. § 1332*.

6. As more fully explained below, the action involves a contract to insure Plaintiff's residential property located at 35 South Shore Drive, Galveston, Texas,

---

[1] *See* 44 C.F.R. Pt. 61, App. A(1), Art. IX.

77551-4363 against flood damage. The contract for flood insurance was made in Galveston, Texas, was to be performed there, involves property located there, and all of the events or omissions giving rise to the claims asserted in this complaint arose there so that venue for this action lies in this court under Art. VII.R of 44 C.F.R. Pt. 61, App. A(1). The federal courts have exclusive jurisdiction over causes of action arising under the National Flood Insurance Program.[2] Consequently, Section VII, Subsection R of the SFIP issued by the Federal Emergency Management Association through its National Flood Insurance Program requires that venue be set in the United States District Court of the district in which the insured property was located at the time of loss.

## FACTS

7.   FIDELITY issued Flood Insurance Policy no. 42-7700899003-03 (hereinafter referred to as the "Fidelity Policy") on August 31, 2007, to Plaintiff. The Fidelity Policy provided coverage for flood damage to Plaintiff's residential property in Galveston, Texas and was effective for the period of September 13, 2007 to September 13, 2008. The Fidelity Policy provided two hundred fifty thousand dollars [$250,000.00] in coverage for Plaintiff's dwelling and seventy-seven thousand two hundred dollars [$77,200.00] in contents coverage, a total

---

[2] *See* Art. VII.R of 44 C.F.R. Pt. 61, App. A(1).

policy limit of three hundred twenty-seven thousand two hundred dollars [$327,200.00] with a combined deductible of four thousand dollars [$4,000.00].

8. The Gross Annual Premium for the Fidelity Policy was two thousand one hundred seventy-two dollars [$2,172.00]. Plaintiff timely paid the premium for the Fidelity Policy.

9. The Fidelity Policy insures residential property located at 35 South Shore Drive, Galveston, Texas, 77551-4363. Plaintiff is the named insured on the Fidelity Policy.

10. On September 12, 2008, while the Fidelity Policy was in full force and effect, Hurricane Ike caused flood damage to the insured property, which consists of a residential dwelling and a stand-alone garage and the contents of both.

11. As a result of the flooding during Hurricane Ike, the insured property, including the dwelling, garage and contents owned by Plaintiff, was damaged or destroyed. The flood damage to the insured property is a covered loss under the Fidelity Policy.

12. Plaintiff reported the losses and damages to FIDELITY in a timely fashion and properly discharged the reporting obligations under the Fidelity Policy.

13. On or about January 20, 2009, a proof of loss was completed by FIDELITY'S adjuster Ben Hilpert. Ben Hilpert determined the net actual cash

value of the dwelling damage to be fifty-seven thousand five hundred thirty-seven dollars and fifty cents [$57,537.50] and the recoverable depreciation on the dwelling to be eleven thousand six dollars and forty-three cents [$11,006.43]. Hilpert determined the actual cash value of the garage damage to be three thousand seven hundred three dollars and three cents [$3,703.03]. Hilpert determined the actual cash value of the contents damage to be thirty-seven thousand ninety-eight dollars and sixty-nine cents [$37,098.69].

14.     On February 6, 2009, Plaintiff submitted a proof of loss for the undisputed amounts of damages; a net claim totaling ninety-eight thousand three hundred thirty-nine dollars and twenty-two cents [$98,339.22] (sum of FIDELITY's adjustor's estimates for the value of Plaintiff's dwelling, garage and contents damages).[3]

15.     On February 10, 2009, Plaintiff submitted a proof of loss (Claim No. 08-0015625) and a letter demanding payment to FIDELITY wherein Plaintiff claimed a total loss of two hundred one thousand four hundred seventy-six dollars and twenty-nine cents [$201,476.29] representing one hundred twenty-eight thousand seventy-one dollars and five cents [$128,071.05] in flood damage to Plaintiff's dwelling and garage, plus seventy-three thousand four hundred five dollars and

---

[3] *See* Plaintiff's Exhibit A, "Proof of Loss" dated February 6, 2009.

twenty-four cents [$73,405.24] in flood damage to Plaintiff's contents.[4] Plaintiff submitted additional documentation to support the demand for payment including a professional estimate of damage, an inventory of damaged contents, pictorial documentation of the damage and supporting documentation for the contents pricing.

16.   On February 11, 2009, FIDELITY advanced Plaintiff sixty-one thousand two hundred forty dollars and fifty-three cents [$61,240.53] against the payment for the dwelling and garage flood losses. Also on this date, FIDELITY advanced Plaintiff eleven thousand six dollars and forty-three cents [$11,006.43] for the recoverable depreciation on the dwelling and thirty-seven thousand ninety-eight dollars and sixty-nine cents [$37,098.69] against the payment for the contents flood loss.

17.   On February 13, 2009, Plaintiff sent a second letter demanding payment to FIDELITY wherein Plaintiff revised its demand by claiming a loss of one hundred thirty-seven thousand thirty-seven dollars and fifteen cents [$137,037.15] attributable to damages to the dwelling and garage.[5]

18.   To date, FIDELITY has not responded to Plaintiff's demands for payment made on February 10, 2009 and February 13, 2009.

---

[4] *See* Plaintiff's Exhibit B, "Proof of Loss" and "Demand Letter" both dated February 10, 2009.
[5] *See* Plaintiff's Exhibit C, "Demand Letter" dated February 13, 2009.

19. Since Plaintiff initiated the claims process, Plaintiff has provided FIDELITY access to the insured property, has provided all requested and available information to FIDELITY that is available, has submitted a revised proof of loss, and has otherwise properly discharged the obligation to cooperate with FIDELITY in its investigation and adjustment of the flood damages sustained by Plaintiff.

20. Plaintiff and FIDELITY have agreed on the areas of the insured property that the flood from Hurricane Ike damaged. However, Plaintiff and FIDELITY have not agreed on the value of loss in each of the flood damaged areas. As a result, on April 13, 2009, Plaintiff demanded an appraisal pursuant to 44 C.F.R. Pt. 61 App. A(1) Art. VII. P of the SFIP.[6]

21. On April 14, 2009, FIDELITY denied Plaintiff's request for appraisal.[7]

22. Representatives of Plaintiff and FIDELITY have discussed the claim and attempted to reach a resolution. However, FIDELITY has refused to pay the full value of the losses incurred by Plaintiff and FIDELITY has continued to refuse to proceed to appraisal on Plaintiff's claim.

## COUNTS I & II – BREACH OF CONTRACT

23. Plaintiff reasserts and incorporates by reference each of the allegations contained in the foregoing paragraphs.

---

[6] *See* Plaintiff's Exhibit D, "Demand for Appraisal Letter" dated April 13, 2009.
[7] *See* Plaintiff's Exhibit E, "FIDELITY'S Denial of Appraisal" dated April 14, 2009.

24. Plaintiff and FIDELITY entered into a valid binding contract for flood insurance. FIDELITY agreed to pay Plaintiff up to two hundred fifty thousand dollars [$250,000.00] for the dwelling and garage on Plaintiff's property and up to seventy-seven thousand two hundred dollars [$77,200.00] for contents for damages caused by flooding. Plaintiff agreed to and did pay a premium in consideration for the insurance contract.

25. Plaintiff has performed all conditions precedent under the Fidelity Policy, including submitting a signed and notarized revised proof of loss.[8]

26. FIDELITY breached its contract with Plaintiff when FIDELITY failed to properly adjust and pay Plaintiff for the full amount of flood damage to the insured dwelling, garage and contents. (Count I) Additionally, FIDELITY breached its contract with Plaintiff by failing to proceed to appraisal after Plaintiff's timely demand of such.[9] (Count II)

27. Plaintiff's breach of contract claims are expressly authorized by *42 U.S.C. § 4053* and/or *42 U.S.C. § 4072*.

28. Plaintiff is entitled to damages which will compensate for the flood losses at replacement cost value, as provided for by the Fidelity Policy, and for all incidental and consequential damages which Plaintiff has suffered.

---

[8] *See* Plaintiff's Exhibits B, "Proof of Loss" dated February 10, 2009.
[9] *See* Art. VII.P of 44 C.F.R. Pt. 61, App. A(1)

## PETITION TO COMPEL APPRAISAL

29. Plaintiff reasserts and incorporates by reference each of the allegations contained in the foregoing paragraphs.

30. On April 13, 2009, Plaintiff sent FIDELITY a demand for appraisal pursuant to the SFIP provisions at Art. VII.P of 44 C.F.R. Pt. 61, App. A(1).[10]

31. To date, FIDELITY has not responded to Plaintiff's demand for appraisal. Both FIDELITY and Plaintiff, as evidenced by the payments made by FIDELITY to Plaintiff, are in agreement as to the scope of the damages and the coverage provided by the Fidelity Policy, but in dispute as to the replacement cost value of the damages to the dwelling and garage, plus the actual cash value of the damages to the contents of both. Plaintiff maintains that the value of flood damage suffered by the dwelling, garage and the respective contents of each is more extensive than FIDELITY's estimates reflect. Thus, appraisal is the appropriate method to settle the dispute since the dispute concerns the valuation of damages and not the scope of damages or scope of coverage provided by the Fidelity policy.

32. FIDELITY has refused to pay any additional amount for damages, engage in the appraisal process, and/or otherwise comply with the SFIP's provision for appraisal. Consequently, Plaintiff requests this Court's assistance in compelling FIDELITY to comply with the SFIP's appraisal provision. Additionally, Plaintiff

---

[10] *See* Plaintiff's Exhibits D, "Demand for Appraisal Letter" dated April 13, 2009.

has been required to retain counsel to compel FIDELITY to proceed with appraisal and should therefore be compensated for the attorneys fees incurred as a result of compelling appraisal.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon judgment hereof, Plaintiff has and recovers against Defendant FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY sums for breach of contract, as Plaintiff is entitled to regain the benefit of his bargain, which is the amount of the claim. In addition, Plaintiff requests this Court compel Defendant FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY to immediately proceed to appraisal as described above. Plaintiff further requests the award of reasonable attorney's fees as allowed by law, for all costs of Court on his behalf expended, for pre-judgment and post-judgment interest as allowed by law and for any other and further relief, either at law or in equity, to which Plaintiff may show himself to be justly entitled.

Dated: February 17, 2010

Respectfully submitted,

By /s/ *Cliff Wilkerson*

Cliff Wilkerson

Arguello, Hope & Associates

2313 Strand

Galveston, Texas 77550

(409) 497-4574 Telephone

(713) 583-6307 Facsimile

E-mail: Cliff@Simplyjustice.com

Louisiana Bar Roll no. 30977

**COUNSEL FOR PLAINTIFF**

**JAY CUSICK**

### CERTIFICATE OF SERVICE OF PROCESS

Plaintiff certifies that service of process of the instant pleading and summons has been made through personal service by the Dallas County's Sheriff's Office upon the following agent for service of process for Fidelity National Property and Casualty Insurance Company:

C T Corporation System

350 North St. Paul Street

Dallas, Texas 75201

AGENT FOR SERVICE OF PROCESS UPON FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY

/s/ *Cliff Wilkerson*

Cliff Wilkerson

Attorney for the Plaintiff